NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT C. WHITE, | No. 18-55071 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-03377-SVW-AJW |
| v. | |
| JAMES BRIDENSTINE\*, Administrator of the National Aeronautics and Space Administration, | MEMORANDUM\*\* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 12, 2018\*\*\*

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Vincent C. White appeals pro se from the district court's summary judgment

---

\*     James Bridenstine has been substituted for his predecessor, Robert Lightfoot, as Administrator of the National Aeronautics and Space Administration under Fed. R. App. P. 43(c)(2).

\*\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and dismissal order in his employment action alleging disparate treatment and disparate impact claims under Title VII and the Age Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on White's age discrimination claims because White failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for not hiring him were pretextual. *See Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (setting forth the elements of ADEA claim and the burden-shifting framework).

The district court properly dismissed White's race and sex discrimination claims because White failed to allege facts sufficient to show that defendant discriminated against White on the basis of his race or sex. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (setting forth the elements of a Title VII discrimination claim and the burden-shifting framework); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed White's disparate impact claim because White failed to allege facts identifying a specific, facially neutral employment

practice, and a causal relationship between such a practice and its adverse impact on applicants who are either male, African-American, or over forty years of age. *See Stout v. Potter*, 276 F.3d 1118, 1121-22 (9th Cir. 2002) (setting forth elements of prima facie case of disparate impact).

The district court did not abuse its discretion in denying White's motion to compel because White failed to demonstrate he suffered actual and substantial prejudice from the denial. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[A] decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

The motion of Vergie White for leave to file an amicus curiae brief (Docket Entry No. 18) is denied.

**AFFIRMED.**